BLD-188                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4740
_____

IN RE:  CHRIS WASHINGTON-EL,
                                                  Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 06-cv-04517)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 27, 2014

Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: March 6, 2014)
_____

OPINION
_____

PER CURIAM

Chris Washington-El, proceeding pro se, has filed a petition for a writ of

mandamus seeking to compel the District Court to permit him to call seven witnesses at

his upcoming civil rights trial.  For the following reasons, we will deny the mandamus

petition.

In 2006, Washington-El, a Pennsylvania state prisoner, filed suit under 42 U.S.C.

§ 1983 against various prison personnel.  The District Court granted summary judgment

in favor of the defendants on several of Washington-El's claims, and certified its decision

for immediate appeal under Federal Rule of Civil Procedure 54(b).  We affirmed in part,

vacated in part, and remanded the matter for further proceedings.  Washington-El v.

DiGuglielmo, 419 F. Appx. 275, 278 & n.2 (3d Cir. 2011) (not precedential).  The

District Court then scheduled trial on Washington-El's remaining claims.  In November

2013, the District Court granted in part the defendants' motion *in limine*, precluding

Washington-El from calling at trial seven individuals included on his witness list.[1]

Shortly thereafter, Washington-El filed the present mandamus petition.[2]

A writ of mandamus is a drastic remedy available only in extraordinary

circumstances.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir.

2005).  A petitioner seeking the writ "must have no other adequate means to obtain the

desired relief, and must show that the right to issuance is clear and indisputable."

Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).  Notably, mandamus is not a substitute

for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue

the writ.  See In re Ford Motor Co., 110 F.3d 954, 957 (3d Cir. 1997), abrogated on other

grounds, Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100 (2009).

---

[1] The District Court did, however, permit Washington-El to call two witnesses on his list, who the defendants had sought to have excluded.

[2] After Washington-El filed the petition, the District ordered that the trial "shall be continued pending the Third Circuit's ruling on [his] Writ of Mandamus."

Washington-El has not shown why he cannot raise a challenge to the District Court's *in limine* determination after an appeal from a final judgment. Walden v. Georgia-Pacific Corp., 126 F.3d 506, 519 (3d Cir. 1997) (stating that "a party who unsuccessfully opposes an *in limine* motion to exclude certain evidence can appeal that ruling without an offer of proof at trial if the district court was fully informed and made a pretrial ruling with no suggestion that it would reconsider that ruling at trial."). Washington-El argues that mandamus review "would save the cost of a retrial, and the cost of filing a perhaps unwarranted" appeal. He also asserts that he "would further be prejudice[d] [by] any further or continued delay to resolve this matter . . . ." These allegations are insufficient to warrant mandamus relief. See Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 383 (1953) (noting that "it is established that the extraordinary writs cannot be used as substitutes for appeals . . . even though hardship may result from delay and perhaps unnecessary trial"). Because Washington-El has failed to meet his burden of establishing the extraordinary circumstances necessary to grant mandamus relief, we will deny the petition.[3]

_____

[3] Washington-El's "Motion Pursuant to Federal Rule[] of Appella[te] Procedure 21(b)(4) is denied. In that motion, Washington-El asks that we direct the District Court to address a mandamus petition that he filed there on December 9, 2013. We note that Rule 21(b)(4) permits us to "invite or order the trial-court judge to address the petition [for writ of mandamus]" filed in this Court, rather than a petition filed in the District Court. To the extent that Washington-El seeks to compel the District Court to rule on a mandamus petition filed there, we deny his request. See In re: Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982) (holding that the manner in which a court disposes of cases on its docket is within its discretion).